**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT STUART, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-675 |
| | § | |
| FIRE-DEX, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Robert Stuart sued his former employer, Fire-Dex, LLC, alleging that it violated the Americans with Disabilities Act ("ADA") by terminating his employment after he informed the company that his wife had cancer. Fire-Dex has moved to dismiss under Federal Rule of Civil Procedure 12(b)(3), contending that venue is improper in the Southern District of Texas. (Docket Entry No. 10). Fire-Dex alternatively moves to transfer to the Northern District of Ohio based on the statutory convenience factors under 28 U.S.C. § 1404(a). (*Id.*).

Based on a careful review of the motions, responses, and replies; the parties' submissions; and the applicable law; this court denies Fire-Dex's motion to dismiss and request for transfer. A status conference is scheduled for **November 14, 2013**, at 8:30 a.m. in Courtroom 11-B.

The reasons for these rulings are explained below.

**I.     Background**

Fire-Dex manufactures and sells firefighting protection equipment throughout the country. (Docket Entry No. 2, at ¶ 8). Fire-Dex is a Delaware corporation with its principal place of business in Medina, Ohio. (*Id.* at ¶ 2). Stuart resides in Harris County, Texas. (*Id.* at ¶ 1).

Fire-Dex uses regional sales managers ("RSMs") to market and sell its products to dealers. (*Id.*). Stuart began working as an RSM for Fire-Dex in January 2006. (*Id.* at ¶ 9). His territory included Texas, Oklahoma, Arkansas, Louisiana, Tennessee, Alabama, and Mississippi. (*Id.*). Stuart helped Fire-Dex sell products to one dealer that had three stores in Houston, Texas. (*Id.*). When not on the road, Stuart worked out of his Houston home. (*Id.* at ¶ 13). Stuart was a successful Fire-Dex employee; he regularly exceeded his sales quotas and was Fire-Dex's 2010 "Employee of the Year." (*Id.* at ¶¶ 12, 14).

In 2009, Stuart's wife was diagnosed with melanoma. (*Id.* at ¶ 13). Her condition eventually improved, but in 2012 she was preliminary diagnosed with leukemia. (*See id.* at ¶¶ 13, 19). In May 2012, Stuart attended a dinner in Ohio with Bill Burke, the owner of Fire-Dex. (*Id.* at ¶ 18). Stuart told Burke that his wife was undergoing tests in Houston to confirm the leukemia diagnosis. (*Id.* at ¶ 19). Two weeks later, Steve Bonamer, the National Sales Manager of Fire-Dex, called Stuart and asked about his wife's condition. (*Id.* at ¶¶ 20-21). Stuart responded that tests revealed that she again had lymphoma. (*Id.* at ¶ 21). The next week Fire-Dex called Stuart. (*Id.* at ¶ 23). On the call for Fire-Dex were Bonamer; Brett Jaffe, the president of Fire-Dex; and Dave Liana, a member of the Human Resources department. (*Id.*). They told Stuart that Fire-Dex was terminating his employment, effective immediately. (*Id.* at ¶ 24). The medical benefits Stuart had with Fire-Dex terminated two days later. (*Id.* at ¶ 26). Stuart's wife relied on these medical benefits to obtain cancer treatment at the M.D. Anderson Cancer Center in Houston. (*Id.*). Because of the termination, the Stuarts could no longer afford the specialized treatment that facility had provided. (*Id.*).

On August 30, 2012, Stuart filed an employment discrimination charge with the EEOC's Cleveland, Ohio field office. (*Id.* at ¶ 53; Docket Entry No. 10, at 10). The EEOC issued a "Notice of Right to Sue" letter on January 9, 2013. (Docket Entry No. 2, at ¶ 53). Stuart timely filed this lawsuit in the Southern District of Texas on March 11, 2013. He alleged that Fire-Dex violated the ADA by firing him and terminating his health benefits after learning that his wife had lymphoma and would have to undergo costly medical treatments. (*Id.* at ¶¶ 29-42 (citing 42 U.S.C. § 12112(b)(4))). On June 5, 2013, Fire-Dex moved to dismiss the case on the basis that venue is improper under the ADA's special venue statute, 42 U.S.C. § 2000e-5(f)(3), and on the basis of forum non conveniens. (Docket Entry No. 10). Fire-Dex alternatively moved to transfer the suit to the Northern District of Ohio under 28 U.S.C. § 1404(a). (*Id.*). Stuart responded and moved to strike declarations from Jaffe and Liana that Fire-Dex had submitted with the motion to dismiss.[1] (Docket Entry No. 14). Fire-Dex replied. (Docket Entry No. 17). The motions are analyzed below.

## II.   Analysis

### A.   Motion to Dismiss for Improper Venue

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss a complaint for improper venue. Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002). Rule 12(b)(3) permits district courts to examine facts outside the complaint to determine whether venue is proper. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). The court must accept as true the allegations in the complaint, unless

---

[1] Stuart asks the court to strike the declarations of Jaffe and Liana on the ground that they rely on hearsay and are not based on personal knowledge. (Docket Entry No. 14, 23-24). The court need not decide this issue because consideration of the declarations would not affect the court's decision.

contradicted by the defendant's affidavits, and must draw reasonable inferences and resolve factual conflicts in the plaintiff's favor. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). If the defendant prevails on a Rule 12(b)(3) motion, the court must dismiss the case or transfer it to a district where venue is proper.

The general venue statute, 28 U.S.C. § 1391(b), governs most claims brought in federal court. Claims brought under the ADA are an exception. The ADA contains an enforcement provision that incorporates by reference the venue provision for claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[2] In Title VII suits, venue is proper:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Venue in the judicial district where the defendant has its principal place of business is authorized only if none of the other three bases for venue apply. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000).

---

[2] The ADA's enforcement provision provides:

> The powers, remedies, and procedures set forth in section[ ] . . .42 U.S.C. § 2000e-5 . . . shall be the . . . procedures this title provides to . . . any person alleging discrimination on the basis of disability in violation of any provision of [the ADA], or regulations under [42 U.S.C. § 12116], concerning employment.

42 U.S.C. § 12117(a). This enforcement provision in turn refers to and incorporates 42 U.S.C. § 2000e-5(f)(3), the Title VII venue provision.

Fire-Dex concedes that Stuart had worked and "would have continued to work in Houston but for his separation of employment." (Docket Entry No. 10, at 12). Fire-Dex argues, however, that venue is improper on the basis that it "may not be found" in the Southern District of Texas. (*Id.*). Fire-Dex's theory is that a defendant may only be "found" in the district in which it resides. (*See id.*). According to Fire-Dex, it is only "found" in the Northern District of Ohio, because that is where "it is physically located, has its principal place of business and employment records, and where all of its top executives work and reside." (*Id.* at 12-13).

Fire-Dex does not cite any case holding that the statute's language, "may be found," limits venue to only those judicial districts where the defendant resides. The case law is to the contrary. A defendant "may be found" for venue purposes in any judicial district where the defendant is subject to personal jurisdiction. The Copyright Act venue statute, which uses language substantially similar to Title VII's venue statute, is instructive. Title 28 U.S.C. § 1400(a) states: "Civil actions, suits, or proceedings . . . relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found"; Title 42 U.S.C. § 2000e-5(f)(3) states: "[B]ut if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." Courts considering the meaning of "may be found" in the Copyright Act's venue statute have consistently held that a defendant "may be found" in any judicial district where it is subject to personal jurisdiction. *See, e.g.*, *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004); *Milwaukee Concrete Studios Ltd. v. Field Mfg. Co.*, 8 F.3d 441, 445–47 (7th Cir. 1993); *Gen. Design Sign Co. v. Am. Gen. Design, Inc.*, No. 02–2298, 2003 WL 251931, at *2 (N.D. Tex. Jan. 31, 2003); *see also* 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3819 (3d ed. 2012) ("The key word in this section is 'found.' It is

5

widely accepted . . . that a defendant is found . . . wherever the defendant is amendable to process or subject to personal jurisdiction."). Courts interpreting the words "may be found" in other venue statutes have similarly concluded that a defendant "may be found" in any judicial district where it is subject to personal jurisdiction. WRIGHT ET AL., *supra*, § 3806.2 & n.6 ("[C]ases interpreting the vast majority of [venue] statutes are in agreement" that a "defendant 'may be found' wherever the defendant is subject to personal jurisdiction."). Fire-Dex "may be found" in the Southern District of Texas if it is subject to personal jurisdiction here.

Fire-Dex does not dispute that this court may exercise personal jurisdiction over it.[3] Venue is therefore proper in the Southern District of Texas.

### B. Motion to Dismiss for Forum Non Conveniens

Fire-Dex also seeks dismissal on the basis of forum non conveniens. Dismissal on that basis is proper only "when the more convenient forum is a foreign country." *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1159 n.15 (5th Cir.1987), *vacated on other grounds, sub nom., Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989); *see also Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (stating that the common-law doctrine of forum non conveniens "has continuing application [in federal courts] only in cases where the alternative forum is abroad.") (internal quotations omitted). "If a party seeks to change venue within the federal system based on convenience, 28 U.S.C. § 1404(a) is the proper method." *Holmes v. Energy Catering Servs., LLC*, 270 F. Supp. 2d 882, 886 (S.D. Tex. 2003); *see also Cowan v. Ford*

---

[3] Because Fire-Dex does not dispute personal jurisdiction, this court does not engage in an extensive analysis of whether personal jurisdiction exists under the well-established law on federal due process and personal jurisdiction. It is sufficient to say that employing a Texas resident to market and sell products to a Houston-based business is sufficient to establish minimum contacts and personal jurisdiction in Texas.

Case 4:13-cv-00675   Document 18   Filed in TXSD on 10/30/13   Page 7 of 10

*Motor Co.*, 713 F.2d 100, 103 (5th Cir. 1983).  Because Fire-Dex seeks transfer to another federal district, forum non conveniens is an improper method of transfer.  The court denies Fire-Dex's motion to dismiss for forum non conveniens.

### C. Motion to Transfer Venue

Fire-Dex alternatively seeks transfer under 28 U.S.C. § 1404(a) to the Northern District of Ohio, the judicial district where Fire-Dex resides and where most of the witnesses and documentary evidence are located.  Section 1404(a) permits a district court to transfer a civil action to any other district where the case could have been brought, if transfer serves "the convenience of parties and witnesses . . . [and is] in the interest of justice."  28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  A district court has "broad discretion in deciding whether to order a transfer."  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).  The party seeking transfer must "demonstrate[] that the transferee venue is clearly more convenient."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

Public and private interest factors are both relevant.  The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.*  The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the

application of foreign law." *Id.* These factors "are not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Id.*

Based on the present record, the court finds that Fire-Dex has not shown that litigating this case in the Northern District of Ohio would be "clearly more convenient" compared to litigating in the Southern District of Texas. *See id.* Fire-Dex claims that because the four members of the company who may be called to testify—Jaffe, Liana, Burke, and Bonamer—work or reside in the Northern District of Ohio, they will be unnecessarily inconvenienced by having to travel from Ohio to Texas. (Docket Entry No. 17, at 10-11).

But in considering the convenience to witnesses, the relative convenience to key nonparty witnesses is accorded greater weight in the venue transfer analysis. *Mid-Continent Cas. Co. v. Petroleum Solutions, Inc.*, 629 F. Supp. 2d 759, 763 (S.D. Tex. 2009). The four prospective witnesses that Fire-Dex identifies are all employees of the company. As party witnesses, inconveniences to them are given less weight. Fire-Dex has not identified any nonparty witnesses who would be inconvenienced by testifying in Houston. By contrast, Stuart may have witnesses such as his wife's medical providers who would be inconvenienced by having to testify in Ohio.

Fire-Dex glosses over the inconvenience to Stuart personally if the case were transferred to Ohio. Stuart and his wife currently live in Houston, Texas. Stuart's wife is sick with lymphoma and Stuart acts as her caregiver. (Docket Entry No. 14, Ex. 1 at ¶ 10). She has undergone numerous chemotherapy treatments between 2012 and 2013, and more treatments are possible in the future. (*Id.* at ¶ 11). She also has a large tumor on her liver. (*Id.* at ¶ 13). Any trauma she experiences could cause the tumor to rupture, putting her life at risk. (*Id.*). She suffers from a distended abdomen that causes her discomfort. (*Id.* at ¶ 12). The lymphoma leaves her chronically fatigued.

(*Id.*).  Stuart's interests in caring for his wife are in addition to the general "deference to which the plaintiff's choice of venue is entitled." *See In re Volkswagen of Am., Inc.*, 545 F.3d at 315.

Requiring Fire-Dex's owner, president, national sales manager, and Human Resources employee to travel to Texas is less burdensome than forcing Stuart to choose between litigating the case in Ohio or taking care of his wife who is enduring a significant battle with cancer. *See Mid–Continent Cas. Co.*, 629 F. Supp. 2d at 763 ("[T]he convenience of one key witness may outweigh the convenience of numerous less important witnesses.").  The potential travel inconveniences to Fire-Dex's owner and management employees do not warrant transfer to Ohio.

Fire-Dex also claims that transfer is warranted on account that documentary evidence such as "employment documents, sales documents[,] and other tangible materials relative to this case are located in the Northern District of Ohio." (Docket Entry No. 17, at 10).  Fire-Dex does not describe the specific documents or state why producing them would be overly burdensome.  Presumably, Fire-Dex will have to produce Stuart's employment contract, performance reviews, sales records, and other similar documents.  Such documents are unlikely to be so voluminous that transporting them to Texas would be a "major undertaking." *See Eliserio v. Floydada Hous. Auth.*, 388 F. Supp. 2d 774, 776 (S.D. Tex. 2005) ("[W]hen considering a motion to transfer venue, the location of books and other records is usually given little weight, unless the documents are so voluminous that their transport is a major undertaking.") (internal quotations omitted); *see also AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006) (stating that "[t]ypically, documents and other records are easily transportable in paper or electronic form").  The location of the documentary evidence does not warrant transfer to the Northern District of Ohio.

The motion to transfer is denied.

## III.     Conclusion

The motion to dismiss for improper venue and forum non conveniens is denied. The motion to transfer is also denied. A status and scheduling conference is set for **November 14, 2013**, at 8:30 a.m. in Courtroom 11-B.

SIGNED on October 30, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge